**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANFENG HUANG, | No. 16-70361 |
| Petitioner, | Agency No. A201-205-410 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Jianfeng Huang, a native of China and a citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We dismiss in part, deny in part, and grant in part the petition for review, and remand.

We lack jurisdiction to review the agency's conclusion that Huang did not establish changed circumstances to excuse the untimely filing of his asylum application where the facts underlying that determination are disputed.  *See* 8 U.S.C. § 1158(a)(2)-(3); *cf. Sumolang v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (court retains jurisdiction to review agency's application of changed or extraordinary circumstances exception to undisputed facts).  The record does not compel the conclusion that Huang established extraordinary circumstances to excuse the untimely filing.  *See* 8 C.F.R. § 1208.4(a)(5).  Thus, Huang's asylum claim fails.

To the extent Huang now challenges the IJ's denial of CAT protection, we lack jurisdiction to consider this unexhausted issue.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

16-70361

We reject Huang's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process claim, petitioner must show error).

The BIA found no clear error in nine factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support eight of these findings. Substantial evidence does not support the agency's findings that Huang testified inconsistently about his hospital records and that he testified implausibly about police officers going to his parents' home, his bank account, and whether his parents previously traveled to the United States, where these findings were based on misstatements of Huang's testimony. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (IJ inaccurately characterized testimony). The agency's implausibility determination related to Huang's bank account is also unsupported, where the IJ failed to consider his explanation. *See Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1040 (9th Cir. 2008) (IJ failed to address petitioner's explanation for purported implausibility).

Substantial evidence also does not support the agency's determinations that Huang omitted his hospital visit from his asylum application, testified inconsistently regarding his injuries, and provided implausible testimony related to his work address because he was not provided an opportunity to explain. *See Lai v. Holder*, 773 F.3d 966, 974 (9th Cir. 2014) (petitioner must have an opportunity

3                                                        16-70361

to explain omissions); *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (same, inconsistencies), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc); *see also Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) (same, implausibilities).

Substantial evidence also does not support the agency's implausibility determinations regarding his parents' ability to file a government complaint and Huang's knowledge of whether his parents previously traveled to the United States where those determinations were based on speculation and conjecture. *See Lalayan*, 4 F.4th at 833-37.

Substantial evidence supports the single remaining credibility finding that Huang testified inconsistently as to how he traveled to the hospital. *Shrestha*, 590 F.3d at 1040 (inconsistency is a factor that can be considered in assessing credibility under the totality of circumstances).

Because we cannot be confident that the BIA would have upheld the adverse credibility determination based on this inconsistency alone, we grant the petition and remand for the BIA to reconsider Huang's credibility and for any necessary further proceedings consistent with this decision.[1] *See Kumar v. Garland*, 18 F.4th

_____

[1] Although we do not have jurisdiction over Huang's asylum application, if after the agency reassesses the adverse credibility determination under the totality of the circumstances Huang is found credible, we encourage the agency to reconsider whether Huang has established a changed circumstances exception.

1148, 1156 (9th Cir. 2021) (remand appropriate for BIA to determine whether remaining credibility factors support determination); *see also Alam*, 11 F.4th at 1137 (single-factor rule for adverse credibility determinations overruled).

Each party must bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**